IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| United States | No. 21CR158 |
| v. | |
| Marco Porras | Hon. Thomas M. Durkin |

## Marco Porras's Motion to Dismiss Indictment for Violation of Equal Protection

At the direction of Mr. Porras, counsel brings this motion and asks the Court to dismiss the indictment. Mr. Porras asks the Court to follow the case of *United States v. Carrillo-Lopez* out of the District of Nevada as persuasive authority[1].

As the government will no doubt mention, *Carrillo-Lopez* is the sole case to have decided that Section 1326 violates the Equal Protection clause. District courts in New York, Texas, Ohio, Washington, California, Arizona, Hawaii, Oklahoma, and Colorado have refused to follow *Carrillo-Lopez*. Even so, this

---

[1] U.S. Dist. LEXIS 155741, 2021 WL 3667330 (D. Nev. Aug. 18, 2021)

remains a novel issue. The majority of Circuits haven't touched on it yet, including this one. Only 11 District Courts have issued opinions addressing the holding in *Carrillo-Lopez*. It is counsel's understanding that this issue is a case of first impression in this District.

The volume of cases in favor of the government's position is comparatively overwhelming, but the sample size is small in context, and the novelty of the issue cautions against putting undue emphasis on the persuasive force of that sample.

Applying the standard of review articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp*[2], the *Carrillo-Lopez* court found that Section 1326 imposes a disparate impact on defendants similarly situated to Mr. Porras and remains tainted by an unlawful, discriminatory purpose. Accordingly, the court granted the motion to dismiss.

---

[2] 429 U.S. 252 (1977).

- 3 -

## Facts

Mr. Porras was born in Mexico and entered the United States in or about 1979. He obtained permanent residency in or about 1989.

He was arrested in March of 2021 for illegal reentry in violation of Title 8, United States Code, Section 1326.

He had previously been deported in 2009 and 2019.

All of his attempts to reenter the United States were across the Southern border.

Enforcement of Section 1326 has had a disparate impact on migrants from Mexico and the Northern Triangle Countries (El Salvador, Honduras, and Guatemala)(referred to as NTC below).

Section 1326 can be traced back to The Undesirable Aliens Act of 1929.

Mr. Porras asks the Court to incorporate by reference the the social-historical evidence relied upon by the *Carrillo-Lopez* court, cited in its decision, particularly as that background relates to the enactment of Section 1326 and its predecessor statutes[3].

## Law and Argument

As a preliminary matter, the *Carrillo-Lopez* court had to determine the proper standard of review. The government argued for a rational basis test; the defendant argued that the *Arlington Heights* standard should apply. The court sided with the defendant: where a legislature enacts a facially neutral law that has a discriminatory purpose and causes a disparate impact, this could amount to a violation of the Fifth Amendment's equal protection guarantee, despite the appearance of neutrality[4]. The court noted that while Congress

---

[3] Counsel has been unsuccessful obtaining transcripts of the expert testimony given in Carrillo-Lopez but will provide those transcripts if possible. The substance of their testimony is captured in the opinion.

[4] U.S. Dist. LEXIS 155741, 2021 WL 3667330 at 4-7.

has great latitude over immigration policy, a criminal law enacted by Congress is not free from constitutional equal protection constraints, "even if the offense relates to immigration."[5]

The moving party has the burden of demonstrating disparate impact and racial animus. The crucial factors relevant to this analysis are the historical background, legislative history, and whether the law poses a heavier burden on one race over others[6].

Section 1326 disparately impacts Mexican and NTC defendants. Across the Southern border, migrants from Mexico and the NTC accounted for 95% of all apprehensions in 2018, 91% in 2019, and 89% in 2020[7]. Within the data lies an increasing demographic shift towards families and unaccompanied children, which causes an effect on the level of

---

[5] U.S. Dist. LEXIS 155741, 2021 WL 3667330 at 9.

[6] U.S. Dist. LEXIS 155741, 2021 WL 3667330 at 7-8.

[7] U.S. Border Patrol Nationwide Apprehensions by Citizenship and Sector (attached).

a humanitarian crisis. Among all apprehensions, this disastrous effect is disproportionately felt by the Mexican-NTC subgroup[8].

As the *Carrillo-Lopez* court noted, the test for disparate impact only requires evidence that Section 1326 bears more heavily on one race than another[9]. The US government's own data satisfies this requirement.

The crucial issue, then, is racial animus. As noted above, Mr. Porras asks this Court to incorporate by reference the background delineated by the *Carrillo-Lopez* court, which begins with the Undesirable Aliens Act of 1929[10], runs through Immigration and Nationality Act of 1952[11], and concludes that the discriminatory purpose of the 1929 Act is an indelible mark that has not been and cannot be removed by its successors,

---

[8] "Statement for the Record: At the Breaking Point: The Humanitarian and Security Crisis at our Southern Border" https://immigrationforum.org/article/statement-for-the-record-at-the-breaking-point-the-humanitarian-and-security-crisis-at-our-southern-border/

[9] U.S. Dist. LEXIS 155741, 2021 WL 3667330 at 12.

[10] Pub. L. No. 70-1018, ch. 690, 45 Stat. 1551 (1929).

[11] Pub. L. No. 82-414, § 276, 66 Stat. 229 (codified at 8 U.S.C. § 1326 (1952)).

including Section 1326. In its analysis, the court explores (among other things) socio-political context, the chain of legislative events, departures from deliberative norms, and a presidential veto. Having surveyed that history and its effects, the court granted the motion to dismiss.

## Prayer for Relief

The combination of disparate impact on those in Mr. Porras's class and the discriminatory purpose of the law amount to a violation of his Equal Protection rights. Wherefore, Mr. Porras asks this Court to dismiss the indictment.

*Keith J. Scherer*
Keith Scherer